NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANA ISAZA, A NEXT FRIEND OF LUIS GUILLERMO CATIVE ROJAS,<br><br>  Petitioner,<br><br>  v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>  Respondents. | No. 26cv1606 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on the submission of a *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 by Ana Isaza as a "next friend" for Petitioner Luis Guillermo Cative Rojas, an immigration detainee confined in the Delaney Hall Detention Facility in Newark, New Jersey ("Delaney Hall"). D.E. 1 ("Petition" or "Pet.") ¶ 12.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule(s)"), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the Court will **ADMINISTRATIVELY TERMINATE** this matter.

I.   **BACKGROUND**

On February 17, 2026, Isaza, Petitioner's wife, submitted the Petition on Petitioner's behalf. Pet. ¶ 1; *see* Dkt. Isaza raises one claim for relief—that Petitioner is entitled to a bond hearing as a class member in *Bautista v. Santa Cruz*, No. 25-1873, 2025 WL 3289861 (C.D. Cal.

Nov. 20, 2025)[1] because: (1) he does not have lawful status in the United States and is detained, after his apprehension by immigration authorities, in Delaney Hall; (2) he entered the United States without inspection more than 18 years ago without apprehension upon arrival; and (3) he is not detained under 8 U.S.C. §§ 1226(c), 1225(b)(1) or 1231.  Pet. ¶¶ 3, 5, 26–31.

II.    **JURISDICTION**

Habeas jurisdiction exists under 28 U.S.C. § 2241(c)(3), which extends to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

III.    **DISCUSSION**

Isaza seeks to file the Petition on Petitioner's behalf.   Pursuant to 28 U.S.C. § 2242, a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *See also* Habeas Rule 2(c)(5) (requiring the petition to be signed under penalty of perjury or by a person authorized to sign it under § 2242). "'[N]ext friend' standing . . . has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  "Most frequently, 'next friends' appear . . . on behalf of detained prisoners who are unable . . . to seek relief themselves." *Id.*

To qualify for next friend status, the third person must satisfy two requirements.  "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163 (citation modified).  "Second, the 'next friend' must be truly dedicated to the

---

[1] *Bautista v. Santacruz* was amended and superseded on reconsideration by *Bautista v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

2

best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163–64 (citation modified). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citation modified).

Isaza, although she asserts that she is Petitioner's wife, has not explained why Petitioner is unable to file a petition on his own behalf, nor has she provided an affidavit to satisfy her burden of showing that she is dedicated to serving Petitioner's best interests. *See generally* Pet. Moreover, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)). Therefore, the Court will administratively terminate this matter, subject to reopening if Isaza obtains counsel and submits an appropriate affidavit in support of "next friend" standing or Petitioner, himself, files a *pro se* habeas petition.[2] *See, e.g.*, *Bah v. Tsoukaris*, No. 25-16925, 2025 WL 3041812 (D.N.J. Oct. 31, 2025) (administratively terminating habeas petition for petitioner to cure defects in next friend application).

IV.     **CONCLUSION**

For the foregoing reasons, the Court will **ADMINISTRATIVELY TERMINATE** this matter ***without prejudice*** and subject to reopening. An appropriate order follows.

---

[2] The United States Department of Justice administers a list of pro bono legal services for individuals in immigration proceedings. *See* U.S. Dep't of Just., Exec. Off. for Immigr. Rev., List of Pro Bono Legal Service Providers, https://www.justice.gov/eoir/file/probonofulllist/download. Petitioner and Isaza may reference the list for assistance in seeking counsel.

3

Dated: February 24, 2026

                                                                              Evelyn Padin, U.S.D.J.